UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| KEITH F. BELL, PH.D., | § |
| | § |
| Plaintiff, | § |
| | § |
| -v- | § Civil Action No. 1: 19-cv-1080 |
| | § |
| AMANDA MARIE SCARBOROUGH | § Jury Demanded |
| | § |
| Defendant. | § |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Plaintiff, Keith F. Bell, Ph.D. ("Dr. Bell" or "Plaintiff"), files this Complaint to recover damages arising from violations of Dr. Bell's intellectual property rights by Defendant Amanda Marie Scarborough ("Ms. Scarborough" or "Defendant"). In support of his claims, Plaintiff states as follows:

**INTRODUCTION**

1.      This action arises from Defendant's willful and intentional infringement of Plaintiff's copyrights on Defendant's Twitter and Facebook pages. Defendant reproduced and displayed virtually the entirety of Plaintiff's work. Defendant contends that she is an innocent infringer. This despite the fact that Defendant competes with Plaintiff as a coach and otherwise in the field of athletic performance improvement services, lives in the same metropolitan area, and has even written blog posts on the same subject matter as Plaintiff's work. Defendant's conduct should not be countenanced.

**THE PARTIES**

2.      Plaintiff is, and at all relevant times has been, a resident of Texas.

1

3. Amanda Marie Scarborough is a natural person and a Texas resident. Ms. Scarborough personally engaged in the acts of infringement complained of below. Ms. Scarborough may be served at 452 Rancho Sienna Loop, Georgetown, Texas 78628 or wherever Ms. Scarborough may be found.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 & 1338 in that the claims arise under an act of Congress relating to copyrights.

5. This Court has jurisdiction over the Defendant because she resides and/or is domiciled in Texas, conducts business in Texas, has her principal place of business in Texas, and committed the wrongful acts at issue in this case in Texas.

6. Plaintiff contends that there is both specific and general jurisdiction over Defendant in Texas, that Defendant has sufficient minimum contacts to satisfy due process, and that the exercise of jurisdiction over Defendant comports with traditional notions of fair play and substantial justice.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this judicial district and because Defendant has her principal place of business and/or domicile in this state within this judicial district and division. Alternatively, there is no other federal judicial district that could adjudicate all claims and all parties in this case.

## THE FACTS

*Dr. Bell and His Sports Psychology Practice*

8. Dr. Bell is an internationally recognized sports psychology and performance consultant. He has worked as a sports psychologist with over 500 teams, including the Olympic

and national teams for the United States, Canada, Australia, New Zealand, Hong Kong, Fiji, and the Cayman Islands.

9. In addition to his work with sports teams, Dr. Bell speaks at national and international coaching symposia.  Among others, he has been a featured speaker with the American Swim Coaches Association, Australian Coaches Association, Canadian Coaches Association, Japanese Coaches Association, North American Soccer Association, United States Olympic Sports Medicine Symposium, National High School Coaches Association, and British Swim Coaches Association, South by Southwest, and St. Edwards University.

10. Dr. Bell has also enjoyed success as an athlete and coach.  He is a four-time collegiate All-American swimmer, holds numerous world and national masters swim records, and has coached U.S. national, university, collegiate, high school, and club swimming teams.

11. Further, Dr. Bell has authored and has published 10 books and over 80 articles relating to sports psychology and sports performance.  He also has been a regular columnist for national swimming publications such as *Swimmers, Swimmers Coach, SwimSwam*, and *Swim Texas Magazine*, and is a periodic contributor to *Austin Fit Magazine*.

**Winning Isn't Normal *and the WIN Passage***

12. In 1981, Dr. Bell wrote the book entitled *Winning Isn't Normal* ("*Winning Isn't Normal*"), which was first published in 1982.  The book has enjoyed substantial acclaim, distribution, and publicity.  Dr. Bell is the sole author of this work and continues to own all rights in the work.

13. Dr. Bell holds a copyright registration for *Winning Isn't Normal*.  A copyright registration certificate for *Winning Isn't Normal* was issued to Dr. Bell by the United States

Copyright Office on or about September 21, 1989, with the registration number TX-002-672-644.  A true and correct copy of the Certificate of Registration is attached hereto as **Exhibit A**.

14. Since Dr. Bell authored and published the work *Winning Isn't Normal*, he has and continues to promote, distribute, offer for sale, and sell numerous copies of the work. Currently, among others, Dr. Bell offers *Winning Isn't Normal* for sale through Amazon.com and the website keelpublications.com.

15. Dr. Bell has made and continues to make meaningful efforts to create a market for *Winning Isn't Normal* and to protect and enjoy the rights afforded to him under the Copyright Act.  Importantly, as part of these efforts, Dr. Bell creates, markets, and sells works derivative of *Winning Isn't Normal*, such as posters and t-shirts that display a particular passage from *Winning Isn't Normal* (separately referred to as the "WIN Passage", and together with *Winning Isn't Normal* referred to as the "Infringed Work").  The WIN Passage is viewed by Dr. Bell and others as the heart of Dr. Bell's literary work *Winning Isn't Normal*.  A true and correct copy of the WIN Passage is attached as **Exhibit B**.

16. Dr. Bell has obtained a separate copyright registration for the WIN Passage, TX 008-503-571.  A true and correct copy of the Certificate of Registration is attached hereto as **Exhibit C**.

17. Dr. Bell owns the domain winningisntnormal.com, which points to the keelpublications.com website where Dr. Bell offers the *Winning Isn't Normal* and derivative works for sale.

18. Due to the popularity of his original work *Winning Isn't Normal*, Dr. Bell has been able to increase his international recognition as an authority in sports psychology and sports

performance and has been asked to speak at conferences, symposia, and other engagements as a result.

19. Dr. Bell has offered and continues to offer licenses at fair and reasonable rates to others who wish to publish or otherwise use the popular WIN Passage.

20. Dr. Bell has taken due care to provide notice of his copyright in *Winning Isn't Normal*.  Dr. Bell has included pertinent copyright notices on physical and electronic copies of *Winning Isn't Normal* and derivative works, provides pertinent copyright notices on Amazon.com and keelpublications.com, and includes a conspicuous copyright watermark on digital images of derivative works (such as posters) or excerpts that he posts online or otherwise distributes.  Dr. Bell also includes information on keelpublications.com regarding how to contact Dr. Bell about obtaining permission to use the WIN Passage or other portions of *Winning Isn't Normal*.

***Defendant and her businesses***

21. On information and belief, Defendant is a sophisticated media personality, with a position as a sports analyst on ESPN.

22. On information and belief, Defendant owns an athletic apparel line.

23. On information and belief, Defendant founded a separate softball coaching business called Doyenne Enterprises, LLC.  This company owns a U.S. trademark registration, for the mark THE PACKAGED DEAL covering the services "coaching in the field of softball", U.S. Reg. No. 5275957.  A true and correct copy of this trademark registration is attached as **Exhibit D**.

24. On information and belief, this latter business, and Defendant, was No. 1 on a list of the most influential people in softball in 2016.

25. On information and belief, Defendant uses her reputation to get speaking engagements.

26. Defendant is evidently a savvy user of social media, having garnered a significant Twitter and Facebook following.

27. Defendant maintains a blog located at http://amanda-scarborough.com/category/motivation/.

28. On or around January 28, 2015, Defendant wrote a blog post entitled "What is Normal?" on the subjects of coaching, motivation, preparation and softball. A true and correct copy of this blog post is attached as **Exhibit E**.

*Defendant's Infringement of Dr. Bell's Work*

29. Ms. Scarborough maintains a Twitter page at https://twitter.com/ascarborough which Ms. Scarborough uses in furtherance of herself and her businesses as Ms. Scarborough makes numerous posts about THE PACKAGED DEAL.

30. Ms. Scarborough maintains a Facebook page at https://www.facebook.com/amanda9scarborough/ which Ms. Scarborough uses in furtherance of herself and her businesses as Ms. Scarborough makes numerous posts about softball lessons and clinics.

31. On or about February 23, 2019, Ms. Scarborough posted a textual representation of the WIN Passage on her Facebook page that is nearly identical to Plaintiff's WIN Passage with only minor modifications of text and formatting. A copy of the WIN Passage as posted by Ms. Scarborough is attached as **Exhibit F**.

32. On or about February 25, 2019, Ms. Scarborough posted a textual representation of the WIN Passage on her Twitter page that is nearly identical to Plaintiff's WIN Passage with

only minor modifications of text and formatting. A copy of the WIN Passage as posted by Ms. Scarborough is attached as **Exhibit G**.

33. These publications were made without authorization from Dr. Bell and without attribution to Dr. Bell.

34. Defendant did not contact Dr. Bell to request permission to use Dr. Bell's copyrighted work.

35. Upon information and belief, at the time of the Twitter post at issue, Ms. Scarborough had nearly 25,000 Twitter followers. Today, Ms. Scarborough has nearly 28,000 Twitter followers.

36. Upon information and belief, at the time of the Facebook post at issue, Ms. Scarborough had nearly 75,000 Facebook followers. Today, Ms. Scarborough has nearly 81,000 Facebook followers.

37. Due to the globally accessible nature of the Internet, the post was accessible by users across the world.

38. Dr. Bell sent a cease and desist letter to Defendant on May 23, 2019. Defendant has refused to admit liability.

## CLAIM I:  COPYRIGHT INFRINGEMENT

39. Plaintiff repeats and realleges each and every paragraph set forth above as if fully set forth again at length herein.

40. Plaintiff owns a valid copyright in the Infringed Work.

41. Defendant has, without authorization, copied one or more of the constituent elements of the Infringed Work that are original.

42. Defendant copied the heart of the Infringed Work almost verbatim, rendering the offending works substantially similar to and/or functionally identical to the Infringed Work.

43. Defendant's copying of the Infringed Work was done willfully and intentionally in violation of federal copyright law, with knowledge that an agreement had not been reached with Plaintiff regarding such copying, and with knowledge that neither a license nor an assignment had been granted to Defendant allowing her to copy or use the Infringed Work.

44. Defendant has, without authorization, publicly displayed one or more of the constituent elements of the Infringed Work that are original.

45. Defendant's public display of the heart of the Infringed Work was done willfully and intentionally in violation of federal copyright law, with knowledge that an agreement had not been reached with Plaintiff regarding such public display, and with knowledge that neither a license nor an assignment had been granted to Defendant allowing her to publicly display the Infringed Work.

46. By so copying and publicly displaying the Infringed Work, Defendant has willfully infringed Plaintiff's copyrights therein, for which infringement Plaintiff is entitled to injunctive relief and to recover damages in the form of either Plaintiff's actual damages and Defendant's profits attributable to the infringements or, in the alternative and at Plaintiff's election, statutory damages.  Defendant should also be required to pay Plaintiff's attorneys' fees, as authorized by law, associated with its copyright infringement.

## ATTORNEY FEES

47. Because of Defendant's willful and intentional infringement of Plaintiff's copyrights, Plaintiff has been required to retain the services of attorneys to protect his rights and

interests. Based upon the foregoing, Plaintiff respectfully requests that this Court award costs of court and reasonable attorneys' fees as part of the requested relief, pursuant to 17 U.S.C. § 505.

## JURY DEMAND

48. Plaintiff hereby demands a trial by jury on all claims, issues and damages so triable.

## PRAYER

49. WHEREFORE, Plaintiff demands judgment against Defendant as follows:

50. That the Court issue an injunction prohibiting Defendant and those acting in concert with her from:

    (a) Copying, using, or publicly displaying the Infringed Work or constituent elements thereof that are original;

    (b) Creating any derivative works based on the Infringed Work (either individually or with a third party) without first obtaining a license or assignment from Plaintiff that allows Defendant to do so; and

    (c) Otherwise infringing the rights of Plaintiff with respect to the Infringed Work.

51. A judgment awarding damages to Plaintiff based on each of the claims asserted herein, including actual, consequential, incidental, and all other types of damages authorized by law necessary to make Plaintiff whole under applicable law;

52. Actual damages, profits, and/or statutory damages based on copyright infringement;

53. That an accounting be directed to determine the profits of Defendant resulting from her activities and that such profits be paid over to Plaintiff, increased as the Court finds to be just under the circumstances;

54. Reasonable and necessary attorney fees pursuant to 17 U.S.C. § 505, and other law;

55. The injunctive relief and all necessary findings requested herein;

56. Pre-judgment and post-judgment interest at the highest rate allowed by law;

57. Costs of bringing this claim; and

58. Such other relief at law or in equity to which Plaintiff shows himself justly entitled.

Dated: November 6, 2019

Respectfully submitted,

*s/Adam Mandell*
Adam D. Mandell
Texas State Bar No. 24082387
**Millen, White, Zelano & Branigan, P.C.**
2200 Clarendon Blvd., Ste 1400
Arlington, Virginia  22201
Tel.: 703-243-6333
Fax: 703-243-6410
mandell@mwzb.com