# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **KEITH F. BELL, Ph.D.,** *Plaintiff* | § § § | |
| v. | § § | Case No. 1:19-CV-1080-LY |
| **AMANDA MARIE SCARBOROUGH,** *Defendant* | § § § | |

## O R D E R

Before the Court are Plaintiff's Motion for Leave to File Excess Pages (Dkt. 21), seeking to file a Motion to Compel over 10 pages long, and Plaintiff's Motion to Extend the Discovery and Modify the Scheduling Order (Dkt. 22), both filed February 16, 2021; and Defendant's responsive briefs opposing both motions (Dkts. 23-24). On February 25, 2021, the District Court referred all pending and future motions in this case to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"). Dkt. 25.

On June 18, 2020, the District Court entered a scheduling order requiring the parties to complete discovery on or before January 31, 2021, and file all dispositive motions on or before February 28, 2021. Dkt. 14 ¶¶ 6-7. The scheduling order provides: "Counsel may, by agreement, continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances, and no trial setting will be vacated because of information obtained in post-deadline discovery." *Id.* ¶ 6.

On January 13, 2021, the parties filed a stipulation to extend the discovery schedule and related deadlines. Dkt. 20. The parties agreed to complete discovery by February 15, 2021, and extend the dispositive motions deadline until March 14, 2021. Plaintiff now moves to extend discovery until

1

April 16, 2021, and the dispositive motion deadline to May 14, 2021. Dkt. 22 at 7. As stated, Plaintiff also seeks to file an overlength motion to compel. Dkt. 21. Defendant opposes both motions, contending that good cause for the extension does not exist and that Plaintiff's motion to compel should be denied because it was filed after discovery closed.

Defendant does not address Plaintiff's request to reset the dispositive motion deadline. For that reason, and in view of the parties' previous agreement to extend that deadline until March 14, the dispositive motion deadline hereby is **EXTENDED until May 14, 2021. This deadline may not be extended by agreement of the parties and will not be reset by the Court while this case remains on the docket of the Honorable Lee Yeakel.**

As to the remainder of the relief Plaintiff seeks, both of his motions lack the certificate of conference required under Local Rule CV-7(i) and hereby are **DISMISSED** on that basis. In addition, neither party cites Local Rule CV-16(d), which states, in relevant part:

> **Unopposed** discovery may continue after the deadline for discovery contained in the scheduling order, provided that discovery does not delay other pretrial preparations or the trial setting. Absent exceptional circumstances, no motions relating to discovery, including motions under Rules 26(c), 29, and 37, shall be filed after the expiration of the discovery deadline, unless they are filed within 7 days after the discovery deadline and pertain to conduct occurring during the final 7 days of discovery.

(emphasis added). Plaintiff filed his motion to compel on February 16, 2021, more than 7 days after the Court's January 31, 2021 discovery deadline. The motion thus was untimely under Local Rule CV-16(d).

Nonetheless, Plaintiff states that extensions of the discovery and dispositive motion deadlines are required for medical reasons. Therefore, it is hereby **ORDERED** that Plaintiff has until **March 11, 2021**, to amend his motions to address the relevant standards:

- What are the extraordinary circumstances under which the Court should intervene in the parties' agreement to continue discovery beyond the Court's deadline?

- What are the exceptional circumstances under which the Court should consider Plaintiff's motion to compel, filed after expiration of the discovery deadline?

Should Plaintiff amend his motions, Defendant will have **seven (7) days** in which to file a response. The amended motions must include certificates of conference satisfying the requirements of Local Rule CV-7(i), including certifying "the specific reason that no agreement could be made." Otherwise, the amended motions will be denied.

The parties are admonished of their obligations to confer in good faith and attempt to resolve their dispute promptly and amicably. *Collins v. Easynews, Inc.*, No. A-06-CA-451-LY, 2007 WL 9701619, at *2 (W.D. Tex. May 17, 2007); *see also, e.g.*, Fed. R. Civ. P. 1 (stating that rules should be employed by court and parties "to secure the just, speedy, and inexpensive determination of every action and proceeding"); *McCallum v. Camping World, Inc.*, 2019 WL 9197839, at *1 n.1 (W.D. Tex. Dec. 17, 2019) (Garcia, C.J.) (explaining "good faith" requirement of Local Rule CV-7(i)).

Finally, the parties are reminded that magistrate judges have more flexible dockets than district judges. The parties should consider consenting to proceed with their case before a magistrate judge if they believe they cannot be ready for trial in October 2021.

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Motion to Extend the Discovery and Modify the Scheduling Order (Dkt. 22) is **GRANTED IN PART** in that the dispositive motion deadline is **RESET until May 14, 2021.** Otherwise, Plaintiff's Motion for Leave to File Excess Pages (Dkt. 21) and Motion to Extend the Discovery and Modify the Scheduling Order (Dkt. 22) are **DISMISSED** without prejudice to refiling on or before **March 11, 2021**.

**SIGNED** on March 4, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE