# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| **KEITH F. BELL, Ph.D.,** *Plaintiff* | § § § | |
| v. | § § | Case No. 1:19-CV-1080-LY-SH |
| **AMANDA MARIE SCARBOROUGH,** *Defendant* | § § § | |

## O R D E R

Before the Court are Plaintiff's Second Motion and Memorandum In Support of his Motion to Extend Discovery & Modify the Scheduling Order (Dkt. 27) and Plaintiff's Second Motion to Compel (Dkt. 28), both filed March 11, 2021; and Defendant's Opposition to Plaintiff's Motion to Extend Discovery and Modifying Scheduling Order (Dkt. 30), filed March 18, 2021. On February 25, 2021, the District Court referred all pending and future motions in this case to the undersigned Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1), Federal Rule of Civil Procedure 72, and Rule 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas ("Local Rules"). Dkt. 25.

### I.    Background

Plaintiff filed each of his motions for the first time on February 16, 2021. Dkts. 21 and 22. Plaintiff's original motions were dismissed without prejudice on March 4, 2021, because they lacked the certificates of conference required under Local Rule CV-7(i). Dkt. 26. Plaintiff indicates in his amended motions that counsel in fact held a conference but could not resolve their discovery disputes by agreement.

The District Court's Scheduling Order required the parties to complete discovery by January 31, 2021. Dkt. 14 ¶ 6. On January 13, 2021, the parties filed a stipulation to extend

1

discovery until February 15, 2021. Dkt. 20. Plaintiff now moves to extend discovery until May 14, 2021. Plaintiff also asks to extend the dispositive motion deadline from May 14, 2021 to June 14, 2021, even though the Court's March 4, 2021 Order explicitly stated that the dispositive motion deadline could not be extended by agreement of the parties and would not be reset by the Court. Dkt. 26 at 2.

## II.     Analysis

Because Plaintiff's motions were filed more than 7 days after the Court's discovery deadline, Plaintiff is required by Local Rule CV-16(d) to demonstrate exceptional circumstances. The Scheduling Order also provides that the Court will not intervene in any agreement by the parties to continue discovery beyond the January 31, 2021 deadline absent extraordinary circumstances. Dkt. 14 ¶ 6 ("Counsel may, by agreement, continue discovery beyond the deadline, but there will be no intervention by the Court except in extraordinary circumstances . . . ."). Plaintiff has not met these standards.

Plaintiff contends that extraordinary circumstances exist "because Defendant has intentionally manipulated and maneuvered this Court's deadlines to attempt to avoid producing critical discovery." Dkt. 27 at 1. Plaintiff further contends that "Defendant, apparently, intentionally delayed producing discovery and conferring with Plaintiff on this matter into the month of February and past the original January 31, 2021 discovery cutoff." *Id.* at 2. The timeline Plaintiff includes in his Motion to Extend, however, tells a different story. Plaintiff served the discovery requests at issue, his second set, on December 7, 2020. *See id.* at 2 n.1, 3. On December 30, 2020, Defendant asked for an extension of time to respond. *Id.* at 3. On January 7, 2021, Plaintiff agreed that Defendant could respond by January 22, 2021, and Defendant did so. *Id.* at 3-4. Even though Plaintiff contends that the responses comprised "zero responsive documents or information," *id.* at 4, it was not until a week later, on January 29, 2021, that Plaintiff informed Defendant her

responses were insufficient and requested a conference. *Id.* at 4. Defendant did not respond until February 9, 2021, and the parties did not meet and confer until February 11, 2021. *Id.* at 4. By that time, Plaintiff's motions were untimely under Local Rule CV-16(d).

The Court notes with disfavor Defendant's dilatory response to Plaintiff's request to meet and confer. Nonetheless, because Defendant's responses were served January 22, 2021, Plaintiff had the opportunity to timely pursue any remedy necessary for discovery failures by Defendant before the January 31 discovery deadline set by the Court. Plaintiff refers to "the promise that February 15, 2021 would be the operative date to seek relief from the Court for any issue pertaining to this specific set of discovery." Dkt. 27 at 3. This statement reflects a misunderstanding of the Scheduling Order, which clearly provides that the parties may extend discovery by agreement, but the Court will not intervene absent extraordinary circumstances.

Moreover, while Plaintiff cites an undiagnosed health condition in support of a discovery extension, his current health status is unclear. In his Amended Declaration, Plaintiff states that, on January 18, 2021, his doctor "has given me clear instruction that I should not be participating in any deposition for at least two months." Dkt. 27-1 ¶ 12; *see also id.* at 5. Since it is now March 22, 2021, that time has elapsed. Plaintiff also refers to a follow-up appointment with his neurologist on an unspecified date in April. Dkt. 27-1 ¶ 10. Defendant does not state whether she still seeks Plaintiff's deposition, but if so, the parties are **ORDERED** to cooperate in scheduling the deposition when Plaintiff's health permits and reminded that, pursuant to the Scheduling Order, **"no trial setting will be vacated because of information obtained in post-deadline discovery."** Dkt. 14 ¶ 6.

Plaintiff's Motions therefore are **DENIED** as untimely. Even had it been timely filed, Plaintiff's Second Motion to Compel is not well-taken, as discussed below.

### A. Interrogatories

#### 1. Interrogatories No. 20-21

These interrogatories state: "Identify every Twitter account that 'liked,' commented upon, or shared the Scarborough Tweet" (No. 20), and "Identify every Facebook account that 'liked,' commented upon, or shared the Scarborough Facebook Post" (No. 21), referring to Defendant's allegedly infringing tweet and post. Dkt. 28-1 at 4, 7. Plaintiff contends that these interrogatories seek "information that is essential to determining the scope of the Defendant's infringement and how widely Plaintiff's work was wrongfully disseminated." Dkt. 28 at 6. In previous discovery responses, however, Defendant stated that Plaintiff provided information that Defendant's post was retweeted approximately 374 times and shared on Facebook approximately 340 times. Dkt. 21-1 at 62 (responses to Interrogatories No. 13 and 14). The Court finds that the information Plaintiff seeks in Interrogatories No. 20 and 21 concerning 714 social media accounts is not proportional to the needs of the case and that the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1).

#### 2. Interrogatories No. 18-19, 22, and 24

In Interrogatories No. 18-19 and 24, Plaintiff asks Defendant to identify every Twitter account following Defendant's Twitter account and each Twitter account that her account follows (No. 18); every Facebook account that is "friends" with Defendant's Facebook account (No. 19); and "all social media or other websites or internet resources which were linked or associated" with Defendant's Twitter or Facebook accounts from February 1, 2019 to the present (No. 24). Dkt. 28-1 at 7-8. Interrogatory No. 22 seeks additional information for accounts or persons identified in response to Interrogatories No. 18-21. *Id.* at 8. The Court finds that these interrogatories are overbroad and not proportional to the needs of the case, such that the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1).

### 3. Interrogatory No. 25

Interrogatory No. 25 states:

> Identify and describe specifically any materials, literature, pamphlets, guides, textbooks, or instructional material you utilized in the regular course of your business of providing softball training, clinics, lessons, or coaching, including describing how each were used in your business and whether they are provided or shared with clients, students, and subscribers to your services.

Dkt. 28-1 at 8. The Court finds that this interrogatory is overbroad and not proportional to the needs of the case, such that the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1).

## B. Requests for Production

### 1. Requests No. 27 and 31

Request for Production No. 27 seeks: "All Documents, materials, literature, pamphlets, guides, textbooks, or instructional material you utilized in the course of your business of providing softball training, clinics, lessons, and coaching." Dkt. 28-2 at 11. In his Second Motion to Compel, Plaintiff repeats the same request under a heading for Request No. 31, Dkt. 28 at 8, but Request No. 31 actually is for: "All Documents in Defendant's possession that include a list of clients, students, subscribers, or consumers of Defendant's coaching, mentoring, skills training, and athletic training services as well as any Documents indicating any referral network that assists Defendant in obtaining and retaining new clients." Dkt. 28-2 at 12. The Court finds that these requests are overbroad and not proportional to the needs of the case, such that the burden or expense of the proposed discovery outweighs its likely benefit. FED. R. CIV. P. 26(b)(1).

### 2. Requests No. 32-34

These requests seek records sufficient to identify "Persons who 'follow' the Scarborough Twitter Account" (No. 32); "all Persons whose Twitter accounts the Scarborough Twitter Account

follows" (No. 33); and "all Persons who are 'friends' with or 'follow' the Scarborough Facebook Account" (No. 34). *Id.* The Court finds that these requests are neither relevant to Plaintiff's claims nor proportional to the needs of the case. FED. R. CIV. P. 26(b)(1).

### III.     Conclusion

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's Second Motion and Memorandum In Support of his Motion to Extend Discovery & Modify the Scheduling Order (Dkt. 27) and Plaintiff's Second Motion to Compel (Dkt. 28) are **DENIED**.

**IT IS FURTHER ORDERED** that Paragraph 2 of the Scheduling Order is amended as follows:

> 2. All parties asserting claims for relief shall file and serve on all other parties their designation of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all other parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before **April 22, 2021.** Parties resisting claims for relief shall file and serve on all other parties their designations of potential witnesses, testifying experts, and proposed exhibits, and shall serve on all other parties, but not file, the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before **May 22, 2021**. All designations of rebuttal experts shall be filed and served on all other parties not later than 14 days of receipt of the report of the opposing expert, and the materials required by Federal Rule of Civil Procedure 26(a)(2)(B) for such rebuttal experts, to the extent not already served, shall be served, but not filed, on all other parties not later than 14 days of receipt of the report of the opposing expert.

If Plaintiff fails to timely comply with this deadline, this case may be subject to dismissal for failure to prosecute pursuant to FED. R. CIV. P. 41.

All other pending deadlines remain as previously set. Specifically, all dispositive motions shall be filed and served on all other parties on or before **May 14, 2021**, and this case is set for final pretrial conference on **September 22, 2021, at 9 a.m.** and jury trial in the month of **October 2021**.

**SIGNED** on March 22, 2021.

_____
SUSAN HIGHTOWER
UNITED STATES MAGISTRATE JUDGE